UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL ANTONIO OVIEDO,

Plaintiff,

v.

C. PECHEOS, *et al.*,

Defendants.

CASE NO. 3:26-cv-06236-TMC-GJL

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT

Plaintiff Joel Antonio Oviedo, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Proposed Complaint (Dkt. 3-1) under 28 U.S.C. §1915A, the Court **DECLINES** to serve the Proposed Complaint and, instead, **GRANTS** Plaintiff leave to file an amended pleading by **December 7, 2026**, to cure the deficiencies identified herein.

## I. BACKGROUND

Plaintiff, a pretrial detainee at Pierce County Jail ("PCJ"), initiated this prisoner civil rights action challenging the conditions of confinement at that facility. Dkt. 3-1. As Defendants, Plaintiff names PCJ and Correctional Officers C. Pecheos, B. Pecheos, and Dotson. *Id.* at 1, 3. Plaintiff alleges a violation of his "right to be safe and protected while in government custody."

*Id.* at 4. In particular, Plaintiff alleges that, while confined in a cellblock supervised by each of the individually named Defendants, he was attacked by another detainee. *Id.* at 4–5. Plaintiff alleges that the other detainee attacked him as he was exiting the shower, attempted to rape him, and inserted an index finger into Plaintiff's left eye socket. *Id.* at 5. Plaintiff alleges that the attack resulted from the individual Defendants' "negligence." *Id.* at 4.

As relief, Plaintiff seeks monetary damages from the individual Defendants and PCJ.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1996, the Court must screen proposed complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Further, even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must set forth specific, plausible facts to support their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009). "[T]o nudge a claim

across the line from conceivable to plausible, a plaintiff must plead facts that, if true, allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged and to rule out obvious alternative explanations for the defendant's conduct." *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 589–90 (2026) (citing *Iqbal,* 556 U.S., at 678, 680 and *Twombly*, 550 U.S., at 567) (cleaned up).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). At step two, a plaintiff must allege facts showing how each defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

## III. DISCUSSION

Upon review, Plaintiff's Proposed Complaint is deficient at both steps of stating a § 1983 claim. Specifically, Plaintiff does not clearly identify the constitutional right upon which his claim is based, and he does not plausibly allege personal participation by any individual Defendant. Plaintiff also names an improper county defendant in his Proposed Complaint, and he does not allege sufficient facts to establish liability of the county itself. These deficiencies and instructions on how they may be cured are described in greater detail below.

### A. Failure to State a Claim against Individual Defendants

First, Plaintiff does not clearly identify the constitutional right upon which his claim is based. Liberally construed, it appears Plaintiff may be asserting a violation of his Fourteenth Amendment right to be free from violence from other inmates while in pretrial detention. *See*

*Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016). Even under this construction of his claim, however, Plaintiff does not allege sufficient facts to support a reasonable inference that any defendant is individually liable for the harm alleged in the Proposed Complaint.

To establish a Fourteenth Amendment claim, a plaintiff must demonstrate that: (1) the defendant made an intentional decision with respect to conditions under which the plaintiff was confined; (2) the conditions put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk, "even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) by not taking such measures, the defendant caused plaintiff's injury. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.' " *Id.* (quoting *Castro*, 833 F.3d at 1071). A "mere lack of due care" does not suffice to establish a constitutional violation. *Id.* Thus, a pretrial detainee "must 'prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.*

Plaintiff alleges that he was attacked by another inmate, who attempted to rape him and caused an injury to his eye socket. Dkt. 3-1 at 4–5. Plaintiff further alleges that the individual Defendants each had a duty to supervise inmates within his cell block and that their "negligence" caused the attack. *Id.* at 4. Plaintiff's allegations describe serious harm, but he does not allege facts plausibly connecting that harm to any constitutionally deficient conduct by an individual Defendant. It is not enough for Plaintiff to allege that a Defendant held a supervisory position or was generally responsible for inmate safety. Rather, Plaintiff must allege facts establishing each Defendant's personal involvement in the alleged constitutional deprivation. Plaintiff does not

identify any particular action or omission by any Defendant that exposed him to a substantial risk of serious harm, nor does he allege facts from which the Court could reasonably infer that an official in the Defendants' circumstances would have appreciated a risk to Plaintiff and that any of the Defendants failed to take reasonable measures to abate that risk.

Accordingly, in its current form, Plaintiff's Proposed Complaint is deficient and does not plausibly allege a failure-to-protect claim against any individual Defendant.

**B. Improper County Defendant**

Next, Plaintiff names an improper county defendant in his Proposed Complaint, and he does not allege sufficient facts demonstrating county-liability for his claim.

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dept. of Soc. Servs. of Cty. of New York*, 436 U.S. 658, 691 (1978). However, county agencies or subdivisions, like jails, are not viable defendants. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (Wash. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."). While a county itself may be sued under § 1983, a county may not be held liable simply because it employes a tortfeasor. *Monell*, 436 U.S. at 691. Instead, a plaintiff seeking to impose liability on a county under § 1983 must identify a county "policy" or "custom" that caused his or her injury, and must demonstrate that the county, through its deliberate conduct, was the "moving force" behind the injury alleged. *Bryan Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403–04 (1997) (citing *Monell*, 436 U.S. at 694).

Applying these principles to this case, Plaintiff may not sue PCJ in this action and, while he may name Pierce County as a defendant in any amended pleading, he must identify the County custom or policy that he intends to challenge and set forth clear and specific facts demonstrating that the challenged custom or policy was the "moving force" behind the constitutional harm alleged.

To summarize, Plaintiff's Proposed Complaint is deficient and will not be served. In any amended pleading, Plaintiff must clearly identify the constitutional right upon which his claim is based. If Plaintiff wishes to pursue a Fourteenth Amendment failure-to-protect claim, he must identify the specific conduct or omission of each Defendant that allegedly violated his constitutional rights. Plaintiff should not assert such a claim against any Defendant unless he can allege facts plausibly demonstrating that the Defendant's conduct exposed Plaintiff to a substantial risk of serious harm, that a reasonable official in the Defendant's circumstances would have appreciated that risk, and that the Defendant failed to take reasonable measures to abate it, thereby causing Plaintiff injury.

Allegations that a Defendant was a supervisor or was generally responsible for inmate safety are insufficient to establish a constitutional violation caused by that Defendant. Plaintiff should not include an improper county defendant in any amended pleading, and he should not name the county itself as a defendant unless he can allege facts demonstrating that an official county policy or custom was the "moving force" behind the constitutional harm alleged.

## IV. CONCLUSION AND INSTRUCTIONS

Because of the deficiencies described above, the Court **DECLINES** to direct service of the Proposed Complaint. Instead, Plaintiff is **GRANTED LEAVE** to file an amended complaint correcting the above-stated deficiencies on or before **December 7, 2026.**

The Court **WILL** screen the amended complaint to determine if service upon any defendant is appropriate. The amended complaint **MUST** contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5)

what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief **MUST** be simple, concise, and direct.

The amended complaint **MUST** be filed under the same case number as this one and will operate as a **complete substitute** for Plaintiff's prior pleadings. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The amended complaint **MUST** be prepared using the court-provided form and **MUST** be legibly rewritten or retyped in its entirety. This means, the amended complaint **MUST** be an original document, not a compilation of previously submitted materials, and it **MAY NOT** incorporate *any part* of the prior complaint by reference.

Failure to file a amended complaint addressing the issues identified herein by the stated deadline **MAY** result in a **recommendation** this action be **dismissed**.

Finally, the Clerk of Court is **DIRECTED** to provide Plaintiff the appropriate forms for filing a prisoner civil rights complaint along with a copy of this Order.

Dated this 5th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge